MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

MARIA ELENA ANDRADES CORDOBA, *individually and on behalf of others similarly situated,*

                                *Plaintiff*,

         -against-

RIVINGTON LAUNDROMAT & DRY CLEANING, INC. (D/B/A RIVINGTON LAUNDROMAT) AND MICHAEL ZETTS,

                              *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Maria Elena Andrades Cordoba ("Plaintiff Andrades" or "Ms. Andrades"), individually and on behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates, P.C., upon her knowledge and belief, and as against Rivington Laundromat & Dry Cleaning, Inc. (d/b/a Rivington Laundromat) ("Defendant Corporation") and Michael Zetts, ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

1.     Plaintiff Andrades is a former employee of Defendants Rivington Laundromat & Dry Cleaning, Inc. (d/b/a Rivington Laundromat) and Michael Zetts.

2.     Defendants own, operate, or control a laundromat, located at 202 Rivington St., New York, NY 10002 under the name "Rivington Laundromat."

3.      Upon information and belief, individual Defendant Michael Zetts, serve or served as owner, manager, principal, or agent of Defendant Corporations and, through these corporate entities, operates or operated the laundry service as a joint or unified enterprise.

4.      Plaintiff Andrades was employed as a laundry worker at the laundry service located at 202 Rivington St., New York, NY 10002.

5.      At all times relevant to this Complaint, Plaintiff Andrades worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that she worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Andrades appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Furthermore, Defendants repeatedly failed to pay Plaintiff Andrades wages on a timely basis.

8.      Defendants' conduct extended beyond Plaintiff Andrades to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Andrades and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.     Plaintiff Andrades now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190

*et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.    Plaintiff Andrades seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Andrades's state law claims under 28 U.S.C. § 1367(a).

13.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a laundromat located in this district. Further, Plaintiff Andrades was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14.    Plaintiff Maria Elena Andrades Cordoba ("Plaintiff Andrades" or "Ms. Andrades") is an adult individual residing in Bronx County, New York.

15.    Plaintiff Andrades was employed by Defendants at Rivington Laundromat from approximately November 2018 until on or about March 2020.

16.    Plaintiff Andrades consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.    At all relevant times, Defendants owned, operated, or controlled a laundromat, located at 202 Rivington St., New York, NY 10002 under the name "Rivington Laundromat".

18.    Upon information and belief, Rivington Laundromat & Dry Cleaning, Inc. (d/b/a Rivington Laundromat) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 202 Rivington St., New York, NY 10002.

19.    Defendant Michael Zetts is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Michael Zetts is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Michael Zetts possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Andrades, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

20.    Defendants operate a laundromat located in the Lower East Side section of Manhattan in New York City.

21.    Individual Defendant, Michael Zetts, possesses operational control over Defendant Corporations, possesses ownership interests in Defendant Corporations, and controls significant functions of Defendant Corporations.

22.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23.    Each Defendant possessed substantial control over Plaintiff Andrades's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Andrades, and all similarly situated individuals, referred to herein.

24.    Defendants jointly employed Plaintiff Andrades (and all similarly situated employees) and are Plaintiff Andrades's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

25.    In the alternative, Defendants constitute a single employer of Plaintiff Andrades and/or similarly situated individuals.

26.    Upon information and belief, Individual Defendant Michael Zetts operates Defendant Corporations as either alter egos of himself and/or fails to operate Defendant Corporations as entities legally separate and apart from himself, by among other things:

  a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

  b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

  c)  transferring assets and debts freely as between all Defendants,

  d)  operating Defendant Corporations for his own benefit as the sole or majority shareholder,

    e)   operating Defendant Corporations for his own benefit and maintaining control over these Corporations as closed Corporations,

    f)   intermingling assets and debts of his own with Defendant Corporations,

    g)   diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect his own interests, and

    h)   Other actions evincing a failure to adhere to the corporate form.

27.   At all relevant times, Defendants were Plaintiff Andrades's employers within the meaning of the FLSA and New York Labor Law.

28.   Defendants had the power to hire and fire Plaintiff Andrades, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Andrades's services.

29.   In each year from 2018 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30.   In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the laundry service on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

31.   Plaintiff Andrades is a former employee of Defendants who was employed as a laundry worker.

32.   Plaintiff Andrades seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Maria Elena Andrades Cordoba*

33.    Plaintiff Andrades was employed by Defendants from approximately November 2018 until on or about March 2020.

34.    Defendants employed Plaintiff Andrades as a laundry worker.

35.    Plaintiff Andrades regularly handled goods in interstate commerce, such as detergents and other supplies produced outside the State of New York.

36.    Plaintiff Andrades's work duties required neither discretion nor independent judgment.

37.    From approximately November 2018 until on or about December 2018, Plaintiff Andrades worked from approximately 7:00 p.m. until on or about 3:00 p.m., two days a week and from approximately 3:00 p.m. until on or about 12:00 p.m., three days a week (typically 45 hours per week).

38.    From approximately January 2019 until on or about March 2019, Plaintiff Andrades worked from approximately 8:00 a.m. until on or about 3:00 p.m., two days a week and from approximately 3:00 pm. until on or about 11:00 p.m., 2 days a week (typically 32 hours per week).

39.    From approximately March 2019 until on or about February 2020, Plaintiff Andrades worked from approximately 8:00 a.m. until on or about 5:00 p.m., on Sundays, from approximately 8:00 a.m. until on or about 3:00 p.m. Mondays, Tuesdays and Wednesdays, and from approximately 4:00 p.m. until on or about 11:00 p.m., on Fridays (typically 37 hours per week).

40.    From approximately February 2020 until on or about March 2020, Plaintiff Andrades worked from approximately 8:00 a.m. until on or about 3:00 p.m., Sundays, Mondays and Tuesdays and from approximately 4:00 p.m. until on or about 11:00 p.m., on Wednesdays (typically 28 hours per week).

41.     Throughout her employment, Defendants paid Plaintiff Andrades her wages in cash.

42.     From approximately November 2018 until on or about December 2018, Defendants paid Plaintiff Andrades $12.00 per hour.

43.     From approximately January 2019 until on or about March 2020, Defendants paid Plaintiff Andrades $13.50 per hour.

44.     Defendants never granted Plaintiff Andrades any breaks or meal periods of any kind.

45.     Defendants did not provide Plaintiff Andrades an accurate statement of wages, as required by NYLL 195(3).

46.     Defendants did not give any notice to Plaintiff Andrades, in English and in Spanish (Plaintiff Andrades's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

47.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Andrades (and all similarly situated employees) to work in excess of 40 hours a week without paying her appropriate minimum wage and overtime compensation as required by federal and state laws.

48.     Plaintiff Andrades was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

49.     Defendants paid Plaintiff Andrades her wages in cash.

50.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Andrades (and similarly situated individuals) worked, and to avoid paying Plaintiff Andrades properly for her full hours worked.

51.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

52.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Andrades and other similarly situated former workers.

53.     Defendants failed to provide Plaintiff Andrades and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

54.     Defendants failed to provide Plaintiff Andrades and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

55.     Plaintiff Andrades brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

56.     At all relevant times, Plaintiff Andrades and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records as required under the FLSA.

57.     The claims of Plaintiff Andrades stated herein are similar to those of the other employees.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

58.     Plaintiff Andrades repeats and realleges all paragraphs above as though fully set forth herein.

59.     At all times relevant to this action, Defendants were Plaintiff Andrades's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Andrades (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

60.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

61.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

62.     Defendants failed to pay Plaintiff Andrades (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

63.     Defendants' failure to pay Plaintiff Andrades (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

64.     Plaintiff Andrades (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

65.     Plaintiff Andrades repeats and realleges all paragraphs above as though fully set forth herein.

66.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Andrades (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

67.     Defendants' failure to pay Plaintiff Andrades (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

68.     Plaintiff Andrades (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

69.     Plaintiff Andrades repeats and realleges all paragraphs above as though fully set forth herein.

70.     At all times relevant to this action, Defendants were Plaintiff Andrades's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Andrades, controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

71.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Andrades less than the minimum wage.

72.     Defendants' failure to pay Plaintiff Andrades the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

73.     Plaintiff Andrades was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

74.     Plaintiff Andrades repeats and realleges all paragraphs above as though fully set forth herein.

75.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Andrades overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

76.     Defendants' failure to pay Plaintiff Andrades overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

77.     Plaintiff Andrades was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

78.      Plaintiff Andrades repeats and realleges all paragraphs above as though fully set forth herein.

79.     Defendants failed to provide Plaintiff Andrades with a written notice, in English and in Spanish (Plaintiff Andrades's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

80.     Defendants are liable to Plaintiff Andrades in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

81.      Plaintiff Andrades repeats and realleges all paragraphs above as though fully set forth herein.

82.     With each payment of wages, Defendants failed to provide Plaintiff Andrades with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

83.     Defendants are liable to Plaintiff Andrades in the amount of $5,000, together with costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Andrades respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Andrades and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Andrades and the FLSA Class members;

(d)      Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Andrades's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)      Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Andrades and the FLSA Class members;

(f)      Awarding Plaintiff Andrades and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiff Andrades and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Andrades;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Andrades;

(j)      Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Andrades;

(k)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Andrades's compensation, hours, wages and any deductions or credits taken against wages;

(l)      Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Andrades;

(m)      Awarding Plaintiff Andrades damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(n)      Awarding Plaintiff Andrades damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)      Awarding Plaintiff Andrades liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)      Awarding Plaintiff Andrades and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)       Awarding Plaintiff Andrades and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)      All such other and further relief as the Court deems just and proper.

### JURY DEMAND

 Plaintiff Andrades demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
         August 16, 2021

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# MICHAEL FAILLACE & ASSOCIATES, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

August 3, 2021

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. **(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                     Maria Elena Andrades Cordoba
Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                       3 de agosto 2021

*Certified as a minority-owned business in the State of New York*