```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------- X
                                                          :
MARIA ELENA ANDRADES CORDOBA,                             :
                                                          :
                             Plaintiff,                   :
                                                          :       21-CV-6878 (VSB)
                 -against-                                :
                                                          :       OPINION & ORDER
                                                          :
MMLZ CORP. (d/b/a RIVINGTON                               :
LAUNDROMAT) and MICHAEL ZETTS,                            :
                                                          :
                             Defendants.                  :
--------------------------------------------------------- X
```

Catalina Sojo
Jarret Thomas Bodo
CSM Legal P.C.
New York, New York
*Counsel for Plaintiff*

Eunon Jason Mizrahi
Joshua Levin-Epstein
Levin-Epstein & Associates, P.C.
New York, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

On or about February 15, 2022, the parties reached a settlement agreement in this Fair Labor Standards Act ("FLSA") case. (*See* Doc. 36-1 ("Settlement").) Parties may not privately settle FLSA claims absent the approval of the district court or the Department of Labor. *See Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 807 (2d Cir. 2022); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). Because I find that the parties have failed to provide me with adequate information to assess whether the Settlement is fair and reasonable, the parties' request to approve it is DENIED without prejudice.

1

**I.      Legal Standard**

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.* The Second Circuit has described a presumptively reasonable fee as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (citation omitted). A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 948 F.3d at 602 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)). An award of costs "normally include[s] those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987) (citation omitted).

"When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597.

2

## II. Procedural History

Plaintiff Maria Elena Andrades Cordoba ("Plaintiff") commenced this action on August 16, 2021. (Doc. 1.) On September 14, 2021, I entered a stipulation that the parties had jointly filed extending Defendants' time to respond, (Doc. 15), and that same day this action was referred to mediation, (Doc. 16). Defendant Michael Zetts filed an answer on October 12, 2021. (Doc. 18.)

On November 1, 2021, Plaintiff filed her First Amended Complaint. (Doc. 19 ("FAC").) Whereas the original complaint named as Defendants Rivington Laundromat & Dry Cleaning, Inc. ("Rivington") and Michael Zetts ("Zetts"), the First Amended Complaint named as Defendants MMLZ Corp. ("MMLZ") and Zetts. (*Compare id.*, *with* Doc. 1.) In a subsequent letter filed with Plaintiff's consent, Rivington explained that the original complaint in this action had inadvertently named it as a defendant, but that Rivington had been sold in November 2018. (Doc. 22.) On November 2, 2022, remaining Defendants MMLZ and Zetts filed an answer to the First Amended Complaint. (Doc. 25.)

On January 19, 2022, the mediator reported that the parties had reached settlement on all issues in the action. On February 14, 2022, I ordered the parties to submit their settlement for approval. (Doc. 35.) On March 14, 2022, Plaintiff filed a joint letter with Defendants seeking approval of the Settlement. (Doc. 36 ("Settlement Ltr.").)

## III. Discussion

I first consider the settlement amount. The Settlement provides Plaintiff with $2,750, inclusive of attorneys' fees and expenses. (Settlement ¶ 1.) Plaintiff states that she is entitled to total "back wages" of "approximately $771," (Settlement Ltr. 1), and total possible damages of "$11,716.78," (Doc. 36-2, at 2), which includes liquidated damages and statutory penalties for failure to post notices, as well as an amount attributable to pre-judgment interest on the amount of

3

back wages allegedly owed to Plaintiff, (*see id.* at 1–2).[1] The total $2,750 amount Defendants would pay under the Settlement thus represents approximately 23.4% of Plaintiff's total possible recovery.

It is true that courts in this circuit have approved as fair and reasonable settlement amounts reflecting approximately 18% of a FLSA plaintiff's total potential recovery. *See Santos v. YMY Mgmt. Corp.*, 20 Civ. 1992 (JPC), 2021 WL 431451, at *1 (S.D.N.Y. Feb. 8, 2021) (S.D.N.Y. Mar. 1, 2022) (collecting cases). However, at bottom, the "determination of what is 'fair and reasonable' is an 'information intensive undertaking.'" *Johnson v. Equity Leasing Fin. II, Inc.*, 16cv1454, 2016 WL 6493157, at *1 (S.D.N.Y. Oct. 4, 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015)). The parties must provide

> evidence as to the nature of plaintiffs' claims, the *bona fides* of the litigation and negotiation process, the employers' potential exposure both to plaintiffs and to any putative class, the bases of estimates of plaintiffs' maximum possible recovery, the probability of plaintiffs' success on the merits, and evidence supporting any requested fee award.

*Lopez*, 96 F. Supp. 3d at 176.

The parties have not provided sufficient information to allow me to determine whether the Settlement's amount is fair and reasonable. Among other things, Plaintiff provides no clear account as to why the $2,750 amount was chosen or what the relative strengths and weaknesses of her case were. Indeed, Plaintiff's full explanation of this case is merely that, "Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiff's claims. Significantly, Defendants vigorously contested all of Plaintiff's substantive allegations, contesting the number of hours allegedly worked by Plaintiff." (Settlement Ltr. 2.) This vague statement

---

[1] $11,716.78 is the total amount of Plaintiff's potentially recovery as stated in the damages calculation chart included in support of settlement approval. (Doc. 36-2, at 2.) The letter seeking settlement approval, however, states that the "full" recovery for Plaintiff's claims in this action would be "$11,713.21." (Settlement Ltr. 1.) Given the meager discrepancy between these two amounts, I assume that the $11,716.78 amount is the correct one and that the lower amount mentioned in the letter was the result of a typo. However, the parties should confirm that my assumption is correct if they continue to pursue approval of the Settlement.

provides me with no insight into why, if at all, Plaintiff would have a difficult time proving her case and winning the full potential recovery. This statement is also barely relevant, as in this action, whether "Defendants vigorously contest[] . . . the number of hours allegedly worked by Plaintiff" is a drop in the bucket—Plaintiff's own damages calculation attributes $10,000 of the total $11,716.78 potential recovery to statutory penalties, which have nothing to do with whether or not Defendants contest the number of hours that Plaintiff worked. *See Villanueva v. 179 Third Ave. Rest Inc.*, 500 F. Supp. 3d 219, 239 (S.D.N.Y. 2020) (explaining that "wage notice and statement penalty" for Plaintiff's New York Labor Law claims each has a "maximum of $5,000" and only accrue based on whether "a violation occurs or continues to occur"), *report and recommendation adopted*, 16-cv-8782 (AJN) (RWL), 2021 WL 2139441 (S.D.N.Y. May 26, 2021). The parties have told me nothing about any issues speaking to Plaintiff's chances of prevailing on her notice claims. Nor have they told me anything else that allows me to "examine the bona fides of the dispute in this action," such as "articulat[ing] the reasons for disputing the employee's right to a minimum wage or overtime." *Velasquez*, 137 F. Supp. 3d at 584. Merely asserting that Defendants "vigorously contested all of Plaintiff's substantive allegations," (Settlement Ltr. 2), is a far cry from articulating the reasons behind this assertion.[2]

---

[2] I reserve judgment as to all other portions of the Settlement, such as whether the attorneys' fees sought are fair and reasonable or whether the Settlement contains any other terms that would render it unreasonable or unfair. Before seeking further approval, the parties should carefully review the Settlement to ensure that it does not contain provisions that would render it unreasonable. *See, e.g.*, *Johnson v. M.A.C. Cosms., Inc.*, 18-CV-9157 (VSB), 2021 WL 6066087, at *2 (S.D.N.Y. Nov. 12, 2021) (discussing non-disparagement clauses and overly broad releases of claims).

## IV. Conclusion

For the foregoing reasons, the parties' request that I approve the Settlement is DENIED without prejudice. The parties may proceed by either:

1. Filing a new letter in support of the Settlement within twenty-one (21) days of the date of this Order that sufficiently explains why the Settlement is fair and reasonable; or

2. Filing a joint letter within twenty-one (21) days of the date of this Order that indicates the parties' intention to abandon settlement, at which point I will set a date for a status conference.

SO ORDERED.

Dated: April 8, 2022
New York, New York

_____
Vernon S. Broderick
United States District Judge