UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
                                               :

MARIA ELENA ANDRADES CORDOBA,    :
                                               :

                         Plaintiff,   :

                                             :                       21-CV-6878 (VSB)

          -against-           :

                                             :                 **OPINION & ORDER**

MMLZ CORP. (d/b/a RIVINGTON       :
LAUNDROMAT) and MICHAEL ZETTS,    :

                                             :

                       Defendants.  :

                                           :
---------------------------------------------------------X

Catalina Sojo
Jarret Thomas Bodo
CSM Legal P.C.
New York, New York
*Counsel for Plaintiff*

Eunon Jason Mizrahi
Joshua Levin-Epstein
Levin-Epstein & Associates, P.C.
New York, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

       On or about February 15, 2022, the parties reached a settlement agreement in this Fair

Labor Standards Act ("FLSA") case.  (*See* Doc. 36 ("1st Settlement Ltr."); Doc. 36-1

("Settlement").)  Parties may not privately settle FLSA claims and stipulate to the case's

dismissal pursuant to Fed. R. Civ. P. 41(a) without the approval of the district court or the

Department of Labor ("DOL").  *See Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 807 (2d Cir.

2022); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).  In the

absence of Department of Labor approval, the parties must satisfy me that their settlement is

"fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). On April 8, 2022, I rejected the Settlement because I found the parties had failed to supply me with sufficient information to determine whether it was in fact fair and reasonable. (Doc. 37.) Subsequently, on April 27, 2022, the parties filed a new joint letter seeking settlement approval. (Doc. 38 ("2d Settlement Ltr."); *see also* Doc. 38-1 (reattaching the earlier-filed Settlement).)

Because I find that the parties have once again failed to provide me with adequate information to assess whether the Settlement is fair and reasonable, the parties' request to approve it is DENIED.

## I.   <u>Legal Standard</u>

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020).  In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.*  The Second Circuit has described a presumptively reasonable fee as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Restivo v. Hessemann*, 846 F.3d 547, 589

(2d Cir. 2017) (citation omitted).  A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 948 F.3d at 602 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)).  An award of costs "normally include[s] those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987) (citation omitted).

"When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597.

## II.   Discussion

In rejecting the parties' previous request, I found the following:

The parties have not provided sufficient information to allow me to determine whether the Settlement's amount is fair and reasonable.  Among other things, Plaintiff provides no clear account as to why the $2,750 amount was chosen or what the relative strengths and weaknesses of her case were.  Indeed, Plaintiff's full explanation of this case is merely that, 'Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiff's claims.  Significantly, Defendants vigorously contested all of Plaintiff's substantive allegations, contesting the number of hours allegedly worked by Plaintiff.'  This vague statement provides me with no insight into why, if at all, Plaintiff would have a difficult time proving her case and winning the full potential recovery.  This statement is also barely relevant, as in this action, whether 'Defendants vigorously contest[] . . . the number of hours allegedly worked by Plaintiff' is a drop in the bucket—Plaintiff's own damages calculation attributes $10,000 of the total $11,716.78 potential recovery to statutory penalties, which have nothing to do with whether or not Defendants contest the number of hours that Plaintiff worked.  *See Villanueva v. 179 Third Ave. Rest Inc.*, 500 F. Supp. 3d 219, 239 (S.D.N.Y. 2020) (explaining that "wage notice and statement penalty" for Plaintiff's New York Labor Law claims each has a "maximum of $5,000" and only accrue based on whether "a violation occurs or continues to occur"), *report and recommendation adopted*, 16-cv-8782 (AJN) (RWL), 2021 WL 2139441 (S.D.N.Y. May 26, 2021).  The parties have told me nothing about any issues speaking to Plaintiff's chances of prevailing on her notice claims.  Nor have they told me anything else that allows me to 'examine the bona fides of the dispute in this action,' such as 'articulat[ing] the reasons for disputing the employee's right to a minimum wage or overtime.'

*Velasquez*, 137 F. Supp. 3d at 584.  Merely asserting that Defendants 'vigorously contested all of Plaintiff's substantive allegations,' is a far cry from articulating the reasons behind this assertion.

(Doc. 37, at 4–5 (some internal citations omitted).)  I also noted a discrepancy between the total amount of Plaintiff's potential recovery as stated in the letter seeking settlement approval and the damages calculation chart filed in support of settlement approval.  (*Id.* at 4 n.1.)  Although the "discrepancy" was "meager," I directed "the parties" to speak to the discrepancy "if they continue to pursue approval of the Settlement."  (*Id.*)

The parties have still failed to provide the information I requested in my last order.  The parties' most recent letter seeking settlement approval fails to provide meaningful clarity concerning what caused Plaintiff's counsel to agree to the Settlement's amount of $2,750.  As discussed, the bulk of Plaintiff's potential damages—$10,000 of the calculated $11,716.78 amount—are due to Defendants' alleged failure in providing wage notices and wage statements.

(Doc. 37, at 5.)  On this point, the parties' letter says only

> Although Plaintiff was not provided annual wage notices nor weekly wage statements where her total recovery could have been $10,000, she would have to successfully prove her claims at trial.  Plaintiff made the decision that Defendants' settlement offer was proper and that it was more beneficial for both parties to settle the case and forego pursuing the wage notices and wage statements claims.

(2d Settlement Ltr. 2.)  This statement is perfunctory and provides me with no way to assess "the *bona fides* of the litigation and negotiation process" or "the probability of plaintiff['s] success on the merits."  *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015).  (*See also* Doc. 37, at 4 (quoting *Lopez* and directing the parties to provide this sort of information)).  The parties do not explain what might prevent Plaintiff from proving that she was never provided the notices and statements required by law or how they determined that this Settlement was favorable to Plaintiff—and not merely favorable to Plaintiff's counsel or to Defendants.

The parties also fail to address the "discrepancy" in the damages amount I previously identified and specifically told them to address.  Instead, they filed papers containing the same discrepancy:  their most recent letter states that Plaintiff has a potential recovery of "approximately $11,713.21," (2d Settlement Ltr. 1), while the supporting documentation states the amount as "$11,716.78," (Doc. 38-2, at 2).

In both settlement letters filed by the parties, the parties argue that, under an Eleventh Circuit case, "a court may approve a settlement where it reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching."  (1st Settlement Ltr. 2; 2d Settlement Ltr. 2 (both citing *Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350, 1354 (11th Cir. 1982)).)  The Second Circuit has read *Lynn's Food Stores* to mean that a settlement of a FLSA action may be approved "only if the DOL or a district court first determines that the proposed settlement 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'"  *Cheeks*, 796 F.3d at 203 (quoting *Lynn's Food*, 679 F.2d at 1355).  Thus, if the parties want me to approve their Settlement as "a reasonable compromise" of Plaintiff's claims, they must first provide me with a clear explanation of how it is a reasonable compromise.  This means they must give insight into the considerations and the facts of this case, and not merely rest on pro forma statements.[1]

### III.   Conclusion

For the foregoing reasons, the parties' request that I approve the Settlement is DENIED. The parties may proceed by either:

---

[1] I reserve judgment as to all other portions of the Settlement, such as whether the attorneys' fees sought are fair and reasonable or whether the Settlement contains any other terms that would render it unreasonable or unfair.  Before seeking further approval, the parties should carefully review the Settlement to ensure that it does not contain provisions that would render it unreasonable.  *See, e.g.*, *Johnson v. M.A.C. Cosms., Inc.*, 18-CV-9157 (VSB), 2021 WL 6066087, at *2 (S.D.N.Y. Nov. 12, 2021) (discussing non-disparagement clauses and overly broad releases of claims).

1. Filing a new letter in support of the Settlement within twenty-one (21) days of the date of this Order that sufficiently explains why the Settlement is fair and reasonable; or

2. Filing a joint letter within twenty-one (21) days of the date of this Order that indicates the parties' intention to abandon settlement, at which point I will set a date for a status conference.

SO ORDERED.

Dated:      January 8, 2024
            New York, New York

Vernon S. Broderick
United States District Judge