# CSM Legal, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                             Telephone: (212) 317-1200
New York, New York 10165                                             Facsimile: (212) 317-1620
———————

                                                                                January 25, 2024

**VIA ECF**
Honorable Judge Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

                              Re:  Andrades Cordoba v. MMLZ Corp.
                                        21-cv-06878-VSB

Dear Judge Broderick:

        This office represents the Plaintiff in the above referenced matter. Plaintiff writes, jointly with Defendants as to Section I below, to submit this letter setting forth our views on why the Court should approve the agreed-upon settlement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The parties have agreed to a negotiated settlement agreement ("the Agreement") after extensive settlement discussions. A Countersigned copy of the Agreement is attached hereto as <u>Exhibit A</u>.

        Plaintiff alleges that he was employed by Defendants at Defendants' Laundromat. Plaintiff brought this suit alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), violations of the New York Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"). Plaintiff alleges that Defendants engaged in numerous violations of the FLSA and NYLL, including failure to pay appropriate minimum and overtime wages and failure to provide statutorily-required wage statements and wage notices. Defendants have denied these allegations and assert several affirmative defenses.

## I.        The Proposed Settlement is Fair and Reasonable

         Under the Agreement, Defendants will pay $2,750.00 to settle all claims. This settlement amount will be paid in one (1) installment. The installment will be paid within 30 days of the Court's approval of the Agreement. The installment shall consist of one check, made payable to "CSM Legal, P.C."

        Plaintiff alleges that she is entitled to back wages from Defendants in the amount of approximately $771.00. Plaintiff estimates that if she had recovered in full for her claims, exclusive of attorney's fees, she would have been entitled to approximately $11,716.78. A copy of Plaintiff's damages chart, breaking down each amount sought from Defendants, is attached hereto as <u>Exhibit B</u>. To address the Court's concern about the "discrepancy" between the damages amounts was due to a drafting and calculation error. The damages chart takes into account the accrued

*Certified as a minority-owned business in the State of New York*

prejudgment interest on the unpaid wages and overtime, and that increased amount was not taken into account at the time of drafting the previous letter.

Plaintiff had brought this suit because she believed that she had not been paid the proper minimum wage by Defendants from approximately November 2018 until March 2020. Upon information and belief, Plaintiff's original damages were calculated based upon the fact that the Defendant was considered a "Large Employer" under NYCRR §146-1.2. Defendants produced documents during discovery proving that Defendants are considered a "Small Employer" under NYCRR §146-1.2. Conceding this information, Plaintiff recalculated the damages and determined that she was paid properly throughout 2019. Plaintiff's damages were also reduced for the rest of the time that she worked for Defendants. Those recalculations resulted in the determination that Plaintiff's unpaid wages and overtime totaled Seven Hundred Seventy-One Dollars and Zero Cents ($771.00) with the like in liquidated damages, ($771.00). Plaintiff also asserted that she was owed damages for prejudgment interest. When calculated, the total prejudgment interest was One Hundred Seventy-Four Dollars and Seventy-Eight Cents ($174.78). When Plaintiff's unpaid wages, liquidated damages, and prejudgment interest are added together the total is One Thousand Seventy-Four Dollars and Seventy-Eight Cents ($1,716.78).

Although Plaintiff alleges that she was not provided annual wage notices nor weekly wage statements where her total recovery could have been $10,000, this amount was not taken into account when Plaintiff accepted the settlement. This was not taken into account when the Plaintiff accepted the settlement amount because she was willing to forgo the pursuit of these claims in order to be compensated entirely for the wages that she alleges she was owed as well as the alleged liquidated damages upon those wages. There is no other reason that Plaintiff decided to forgo the pursuit of those claims. Furthermore, even if the Plaintiff were to now try and pursue violations of the Wage Theft Protection Act; specifically annual wage notices or weekly wage statement violations; the Southern District Court of New York has determined that, "plaintiffs lacked standing where a complaint failed to plead facts of an actual injury associated with inaccurate wage statements." *See Neor v. Acacia Network, Inc.*, US Dist. LEXIS 20754 (SDNY Feb. 7, 2023, No. 22-cv-4814 (ER)), citing *Metcalf v. Transperfect Translations Int'l, Inc.*, No. 19-cv-10104 (ER), 2022 US Dist. LEXIS 179361, 2022 WL 4661926, at *7 (SDNY Sept. 30, 2022). In the current matter, Plaintiff acknowledges that she would not be able to meet this standard set by the Court because the Complaint did not plead facts of an actual injury associated with inaccurate wage statements or notices.

The Defendants also produced documents that somewhat contradicted Plaintiff's alleged hours and pay which included partial schedules and pay sheets. Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved"). However, the main reason as to why Plaintiff accepted the settlement was because the Defendants produced many documents that showed significant financial hardship. The Defendants' financial hardship

would have reduced Plaintiff's likelihood of recovering a post-trial judgment if Plaintiff were successful at trial.  "Case law recognizes that potential difficulty in collecting damages militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 364 (SDNY 2013).  As such, both due to the challenges of prevailing on the merits and because of the risk that Plaintiff may not be able to collect a post-trial judgment, the settlement should be considered reasonable.

Considering the risks in this case outlined above, Plaintiff believes that this settlement is fair and should be approved. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

After considering all these factors, it is clear that the agreed upon amount at mediation of $2,750.00 was fair and reasonable.

## II.     Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement agreement, Plaintiff's counsel will receive $684.75 from the settlement fund as attorneys' fees and costs. This represents significantly less than the lodestar amount below, as well as significantly less than one third of the remainder of the recovery as permitted in the Plaintiff's retainer agreement.  The lodestar amount, as reflected on the invoice attached hereto as Exhibit C, is $3,182.00, including $402 in costs.  Plaintiff will therefore receive a total of $2,065.25 from the settlement, which exceeds Plaintiff's unpaid wages, liquidated damages, and prejudgment interest amount of $1,716.78.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit.  *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. City. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Below is a brief biography of individuals who performed billed work on behalf of Plaintiff in this matter, including the effective billable rate which the parties' request that the Court apply should the Court undertake a "lodestar analysis of the fairness of such fees (*see*, e,g, *Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 493 F. 3d 110 (2d Cir. 2007):

　　　　i.     Michael Faillace, Esq. ("MF"), was the Managing Member of Michael Faillace & Associates, P.C., which is now CSM Legal, and was in practice from 1983 to November 5, 2021[1].  From 1983 to 2000, he was in-house Employment

---

[1] No funds will be distributed to Mr. Faillace unless an application is made to the Court on his behalf, and order is entered to that effect.

Counsel with International Business Machines Corporation (IBM). He taught employment antidiscrimination law as an Adjunct Professor at Fordham University School of Law beginning in 1992 and at Seton Hall University Law School from 1995 to 1998, and he is a nationally-renowned speaker and writer on employment law. He is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. His work was billed at the rate of $450 per hour, his standard billing rate for matters paid on an hourly basis. Courts have routinely held that hourly fees of $450, or even $500, for counsel with Mr. Faillace's level of experience (37 years) and expertise are reasonable. *See*, e.g., *Manley v. Midan Rest. Inc.*, No. 1:14-cv-1369 (S.D.N.Y. March 27, 2017), Doc. No. 42 at *32, 35-37 (fees of $500 per hour for FLSA litigator with 34 years of experience).

      ii.      Catalina Sojo ("CS"), is the Managing Member of CSM Legal, P.C., formerly Michael Faillace & Associates. She graduated with a J.D. equivalent degree from Pontificia Universidad Javeriana in Bogota, Colombia, in 2017. She received a Master of Laws degree (LL.M.) from Cornell University School of Law in 2019. Prior to joining Michael Faillace & Associates in June 2020, she focused her practice in intellectual property litigation and enforcement, having worked as an associate at Baker McKenzie and as in-house counsel at ViacomCBS. Her work is billed at a rate of $350 per hour.

      iii.      Jarret Bodo ("JTB"), graduated with a J.D. from the Maurice A. Deane School of Law at Hofstra University in 2020 and was admitted to the New York State Bar in 2021. Prior to joining CSM Legal, P.C., Jarret worked on personal injury and mass torts cases at Meirowitz & Wasserberg, LLP. His work is billed at a rate of $350 per hour.

      iv.      Jasmine Hernandez ("PL") is a paralegal at CSM Legal, P.C., formerly Michael Faillace & Associates, P.C. She graduated from City University of New York Hunter College in May 2018 with a dual Bachelor of Arts in Anthropology and Political Science and joined the firm of Michael Faillace & Associates in April 2019. Ms. Hernandez's work is billed at a rate of $125 per hour, well within a range of rates for paralegal work that courts have routinely approved. See, e.g., Manley, supra, Doc. No. 42, at *37; Gonzalez v. Scalinatella, Inc., 112 F. Supp. 3d 5, 29 (S.D.N.Y. 2015).

      Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

January 25, 2024
Page 5

Respectfully submitted,


/s Jarret T. Bodo
Jarret T. Bodo, Esq
CSM Legal, P.C.
*Attorneys for the Plaintiffs*

Enclosures

cc: Defendants' Counsel (via ECF)