**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MARIA ELENA ANDRADES CORDOBA,
*individually and on behalf of others similarly situated,*

*Plaintiff,*

-against-

MMLZ CORP. (D/B/A RIVINGTON LAUNDROMAT), and MICHAEL ZETTS,

*Defendants.*

21-cv-06878-VSB

**SETTLEMENT AGREEMENT AND RELEASE**

      This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff MARIA ELENA ANDRADES CORDOBA ("Plaintiff") on the one hand, and Defendants MMLZ CORP. (D/B/A RIVINGTON LAUNDROMAT), and MICHAEL ZETTS ("Defendants"), on the other hand. (Plaintiff and Defendants are collectively denoted the "Parties.").

      **WHEREAS,** Plaintiff alleges that he worked for Defendants as an employee; and

      **WHEREAS,** a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, captioned *Andrades Cordoba v. Rivington Laundromat & Dry Cleaning, Inc., et al,* Civil Action No: 20-cv-06878-VSB (hereinafter "the Litigation"), alleging, among other things, violations of federal and state wage and hour and overtime laws;

      **WHEREAS,** Defendants deny any violation of federal and state wage and hour and overtime laws; and

      **WHEREAS,** the Parties now desire to enter into this Agreement to resolve all disputes among them in the Litigation, and to avoid further costs and expenses and the uncertainty of litigation;

      **NOW, THEREFORE,** in consideration of the foregoing recitals and mutual covenants and undertakings contained in this Agreement, and for other good and valuable consideration, the Parties agree as follows:

      1.    **Settlement Payment**: Defendants shall pay or cause to be paid to Plaintiff and their counsel, subject to the terms and conditions of this Agreement, the gross sum of Two Thousand Seven Hundred and Fifty Dollars and Zero Cents ($2,750.00) (the "Settlement Amount"), as follows:

(a)     <u>Installment 1</u>: One check, payable within 30 days of Court approval, in the amount of Two Thousand Seven Hundred and Fifty Dollars and Zero Cents ($2,750.00) made payable to Plaintiff's counsel "CSM Legal, P.C., as Attorneys."

(b)     The payment set forth above in this Paragraph shall be delivered to the office of CSM Legal, P.C. to the attention of Catalina Sojo, Esq., at One Grand Central Place, 60 East 42nd Street, Suite 4510, New York, NY 10165.

(c)     Subject to the Notice of Default provisions of Paragraph 6 below, failure of Defendants to timely pay all or part of the settlement amount in the matter prescribed in subparagraphs 1(a) and 1(b) shall render all Defendants in default with respect to this Agreement. Similarly, failure of any check(s) tendered in satisfaction of any part of the settlement amount to clear the account of the issuer of such check(s) upon Plaintiff's, or their counsel's, attempt to cash such check(s) shall render all Defendants in default with respect to this Agreement.

(d)     Plaintiff agrees to be responsible for any taxes associated with the settlement payment made to him hereunder. Plaintiff agrees to indemnify and hold harmless Defendants for any taxes, penalties or interest assessed as a result of an audit by the taxing authorities inasmuch as any taxes, penalties or interest assessed are directly related to the payment made in satisfaction of this settlement.

2.     **Release and Covenant Not To Sue**: Plaintiff hereby irrevocably and unconditionally releases from and forever discharges and covenants not to sue Defendants, and for each of them, any and all of their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers, with respect to wage and hour allegations which putatively arose during the time frame that was the subject of the Litigation. Included in this provision of release are any, with respect to wage and hour issues putatively arising during the subject time period, charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and litigation costs, whether fixed or contingent (hereinafter referred to as "claim" or "claims"). Similarly, Defendants release, discharge, and hold Plaintiff harmless from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff relating specifically to the claim and/or counterclaims asserted in the Litigation that have occurred as of the last day of signature of the Agreement.

3.     **No Admission of Liability or Wrongdoing**: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4.     **Modification of the Agreement**: This Agreement may not be changed unless the changes are in writing and signed by authorized representatives of all of the Parties.

5.     **Acknowledgments**: Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6.     **Default**: In the event of Default, as defined in Paragraph 1 above, Plaintiff shall provide to Defendants' counsel, Notice of Default, in writing, sent by electronic mail and Priority

2

Mail. Defendants shall have ten (10) business days from the date of the Notice of Default to cure the default. Plaintiff shall be entitled to pursue judicial enforcement of the terms of this Agreement, provided that no such court intervention shall be sought until ten (10) business days elapse following the giving of Notice of Default, in accordance with and as defined in Paragraph 7 below, to the defaulting party or parties.

In the event of Default, the aggrieved party or parties shall be entitled to recover from the defaulting party or parties all reasonable costs and attorneys' fees incurred in redressing or remedying such Default.

7. **Notices:** Notices required under this Agreement, included but not limited to the Notice required by Paragraph 6, shall be in writing and shall be deemed given on the first business day following first-class mailing and/or electronic transmission thereof. Notice hereunder shall be delivered:

**To Plaintiff:**

Jarret T. Bodo, Esq.
CSM Legal, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
Email: Jarret@csm-legal.com

**To Defendants:**

Jason Mizrahi, Esq.
Levin-Epstein & Associates, P.C.
60 East 42nd St. Suite 4700
New York, NY 10165
Email: jason@levinepstein.com

8. **Governing Law:** This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York, and stipulate to jointly request that the United States District Court for the Southern District of New York and/or the Supreme Court of the State of New York exercise jurisdiction, in any subsequent proceeding to enforce this Agreement. Absent an explicit disavowal of retention of jurisdiction on the part of the United States District Court, such Court's approval of this Agreement shall be construed as an explicit retention of jurisdiction for purposes of enforcing the provisions of this Agreement.

9. **Enforceability:** If any provision(s) of this Agreement is held to be illegal, void, or unenforceable, the illegality or unenforceability of such provision(s) shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

10. **Release Notification:** Defendants have afforded Plaintiff the opportunity to discuss the terms of this Agreement and release of claims with his legal counsel prior to his entering into the Agreement, and Plaintiff acknowledges that he had the opportunity to consult with CSM Legal, P.C., Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that they made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his counsel. Plaintiff confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

11. **Counterparts:** To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original, but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

12. **Dismissal of the Action:** Upon Plaintiff's counsel's receipt of the Settlement Payment from Defendants pursuant to Paragraph 1 above, Plaintiff's counsel will execute the Stipulation of Dismissal with Prejudice, attached hereto as <u>Exhibit A</u>, dismissing this Action.

**WHEREFORE,** the Parties have read the foregoing Agreement and accept and agree to all of the provisions contained in it.

**PLAINTIFF**

<u>MARIA ELENA ANDRADES CORDOBA</u>

*/s/ M Elena A*   Date: 2-15-22

**DEFENDANTS**

<u>MICHAEL ZETTS</u>

_____   Date: _____

10. **Release Notification:** Defendants have afforded Plaintiff the opportunity to discuss the terms of this Agreement and release of claims with his legal counsel prior to his entering into the Agreement, and Plaintiff acknowledges that he had the opportunity to consult with CSM Legal, P.C., Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that they made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his counsel. Plaintiff confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

11. **Counterparts:** To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original, but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

12. **Dismissal of the Action:** Upon Plaintiff's counsel's receipt of the Settlement Payment from Defendants pursuant to Paragraph 1 above, Plaintiff's counsel will execute the Stipulation of Dismissal with Prejudice, attached hereto as **Exhibit A**, dismissing this Action.

**WHEREFORE**, the Parties have read the foregoing Agreement and accept and agree to all of the provisions contained in it.

**PLAINTIFF**

MARIA ELENA ANDRADES CORDOBA

_____       Date: _____

**DEFENDANTS**

MICHAEL ZETTS

_/s/ Michael Zetts_                Date: 2/10/2022

**CORPORATE DEFENDANT**

MMLZ CORP. (D/B/A RIVINGTON LAUNDROMAT)

_Marianne K Zett_ (signature)   Date: 2-07-2022

Name (Print): MARIANNE K. ZETTS   Title: PRESIDENT

STATE OF NEW YORK  )
                   ss.:
COUNTY OF NEW YORK )

On the 7 day of February, 2022, before me, the undersigned, a Notary Public in and for the State personally appeared Marianne Zetts, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that (s)he executed same in his or her capacity and by that his or her signature on the instrument, the person or entity upon behalf of which the person acted, executed the instrument.

_Ryan W. Owen_
Notary Public

[Notary Seal: RYAN OWEN - NOTARY PUBLIC, COMM EXP FEB 24 2023, STATE OF OHIO]

5

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA ELENA ANDRADES CORDOBA, *individually and on behalf of others similarly situated,*<br><br>*Plaintiff,*<br><br>v.<br><br>MMLZ CORP. (D/B/A RIVINGTON LAUNDROMAT),<br><br>*Defendants.* | **STIPULATION OF DISMISSAL WITH PREJUDICE**<br><br>21-cv-06878-VSB |

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned Parties, through their respective counsel, that the above action be and is hereby dismissed with prejudice, without costs to either party.

CSM Legal, P.C.

_____
Jarret T. Bodo, Esq.
One Grand Central Place
60 E. 42nd Street, Suite 4510
New York, New York 10165
*Attorneys for Plaintiff*

Levin-Epstein & Associates, P.C.

_____
Jason Mizrahi, Esq.
One Grand Central Place
60 E. 42nd Street, Suite 4700
New York, New York 10165
*Attorneys for Defendants*

7