UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
MARIA ELENA ANDRADES CORDOBA, :
*individually and on behalf of others similarly* :
*situated*, :
: 21-CV-6878 (VSB)
:
Plaintiff, :
: **OPINION & ORDER**
:
-against- :
:
:
MMLZ CORP. (d/b/a RIVINGTON :
LAUNDROMAT) and MICHAEL ZETTS, :
:
Defendants. :
:
------------------------------------------------------------X

Catalina Sojo
CSM Legal P.C.
New York, New York
*Counsel for Plaintiff*

Eunon Jason Mizrahi
Joshua Levin-Epstein
Levin-Epstein & Associates, P.C.
New York, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

On or about February 15, 2022, the parties reached a settlement agreement in this Fair Labor Standards Act ("FLSA") case. (*See* Doc. 36 ("1st Settlement Ltr."); Doc. 36-1 ("Settlement").) Parties may not privately settle FLSA claims and stipulate to the case's dismissal pursuant to Fed. R. Civ. P. 41(a) without the approval of the district court or the Department of Labor ("DOL"). *See Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 807, 810 (2d Cir. 2022); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must satisfy me that their settlement is

1

"fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015) (internal quotation marks omitted).

On April 8, 2022, I rejected the Settlement because I found the parties had failed to supply me with sufficient information to determine whether it was fair and reasonable. (Doc. 37.) Subsequently, on April 27, 2022, the parties filed a new joint letter seeking settlement approval. (Doc. 38 ("2d Ltr."); *see also* Doc. 38-1 (reattaching the earlier-filed settlement agreement).) On January 8, 2024, I rejected the settlement again because I determined it did not adequately explain the reason the parties arrived at a settlement amount of $2,750, nor did it adequately explain a discrepancy between the amount of Plaintiff's total potential recovery reported in the damages calculation chart ($11,716.78) and the settlement agreement ($11,713.21). (Doc. 39; *see also* Doc. 37 at 4 n.1.) In response to my second Opinion & Order rejecting the proposed settlement, on January 25, 2024, the parties submitted a letter in support of settlement approval, (Doc. 40 ("3d Ltr.")), attaching the settlement agreement, (Doc. 40-1 ("Agreement")), a damages calculation chart, (Doc. 40-2 ("Damages Chart")), and an attorneys' fees calculation chart, (Doc. 40-3 ("Fee Chart")).

Upon review of the parties' materials and for the reasons stated below, I find that the settlement of the parties is fair and reasonable, and therefore approve it.

I.      **Legal Standard**

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the

2

product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.* The Second Circuit has described a presumptively reasonable fee as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010)). A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 948 F.3d at 602 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)). An award of costs "normally include[s] those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987) (citation omitted).

"When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597.

## II.     **Discussion**

The parties' joint letter substantially addresses the concerns I had previously expressed with the Agreement. I have independently reviewed the Agreement and the supporting evidence

in order to determine whether the terms of the Agreement are fair, reasonable, and adequate. I believe that they are and therefore approve the Agreement of the parties.

### A. *Settlement Amount*

I first consider the settlement amount. The Agreement provides for the distribution to Plaintiff of $2,750, to be paid in a single check to Plaintiff's attorneys. (Agreement ¶ 1.) Counsel represents that Plaintiff believes she is entitled to $771.00 for unpaid FLSA overtime wages and $771.00 for FLSA liquidated damages. (Damages Chart.) Inclusive of prejudgment interest, Counsel represents the total due to Plaintiff on her wage claims would be $1,716.78. (3d Ltr. at 2.)

In her complaint, in addition to the wage claims, Plaintiff asserted claims that Defendants violated state law by failing to provide her certain written documentation and wage statements. (Doc. 1 ¶¶ 78–83.) Plaintiff pled that these claims would have entitled her to an additional $10,000 in damages under New York law. (*Id*. ¶¶ 80, 83.) Counsel now represents that these claims did not figure into settlement negotiations, as Plaintiff "was willing to forgo the pursuit of [the recordkeeping and wage statement] claims in order to be compensated entirely for the wages that she alleges she was owed as well as the alleged liquidated damages upon those wages." (3d Ltr. at 2.)

I agree with the parties that the settlement amount is fair and reasonable in light of the litigation and collection risks particular to this case. The final settlement amount of $2,750 is more than Plaintiff alleges she is owed for her unpaid wage claims. It is true that Plaintiff alleged she was owed an additional $10,000 in damages on her state-law documentation and wage-statement claims, bringing the total potential recovery to $11,716.78.[1] In light of the

---

[1] I accept Counsel's representation that the disparity I had previously identified between the $11,716.78 figure and the $11,713.21 figure that the parties had also reported was a "drafting and calculation error." (3d Ltr. at 1.)

litigation risks the parties have identified, however, it is reasonable that Plaintiff did not press for a higher settlement amount. Specifically, Counsel represents that Defendants produced documentation that could have contradicted or weakened Plaintiff's wage claims, and points out that Plaintiff may not have standing to recover on her state-law documentation and wage statement claims. (3d Ltr. at 2.) *See Metcalf v. TransPerfect Translations Int'l, Inc.*, 632 F. Supp. 3d 319, 339–41 (S.D.N.Y. 2022) (dismissing a New York wage statement claim because a bare statutory violation absent tangibly adverse effects is insufficient to confer standing). Further, even if Plaintiff had succeeded on the merits on each of her claims, during the settlement discussions, "the Defendants produced many documents that showed significant financial hardship"; Counsel represents this was "the main reason as to why Plaintiff accepted the settlement." (3d Ltr. at 2.) Finally, there is no basis for me to believe that there was any fraud or collusion involved in the settlement. Therefore, based on the representations of the parties and my own analysis of the totality of the circumstances present here, I find that the Agreement appears to be a fair and reasonable resolution of this dispute.

### B. *Remaining Provisions*

I have reviewed the Agreement and have not identified any provisions that would lead me to reject it. The Agreement's release provision applies only to the "wage and hour allegations which putatively arise during the time frame that was the subject of the" instant case. (Agreement ¶ 2.) In general, this type of narrowly tailored release provision is appropriate in FLSA cases. *See Cionca v. Interactive Realty, LLC*, No. 15-CV-5123, 2016 WL 3440554, at *3 (S.D.N.Y. June 10, 2016) ("[a] number of judges in this District refuse to approve any FLSA settlement unless the release provisions are limited to the claims at issue in this action." (internal quotation marks omitted)). The Agreement also does not contain any non-disparagement provisions, *see Baikin v. Leader Sheet Metal, Inc.*, No. 16-CV-8194, 2017 WL 1025991, at *1

(S.D.N.Y. Mar. 13, 2017) (refusing to approve settlement that contained non-disparagement provision without a truthful statements carve-out), or confidentiality provisions, *see Souza v. 65 St. Marks Bistro*, No. 15-CV-327, 2015 WL 6798807, at *4 (S.D.N.Y. Nov. 6, 2015) ("[T]he Court is of the view that it would be the very rare case, if any, where confidentiality terms in a settlement agreement would be appropriate in resolving a wage-and-hour lawsuit given the policy concerns underlying the FLSA."). Accordingly, I find that the terms of the Agreement are appropriate.

### C.     *Attorneys' Fees*

I next consider the attorneys' fees contemplated by the parties. The Agreement contains no provision for attorneys' fees, (*see* Agreement), but the parties represent that "Plaintiff's counsel will receive $684.85 from the settlement fund as attorneys' fees and costs," (3d Ltr. at 3).[2] This represents approximately 25% of the total settlement amount. Counsel for Plaintiff provided time records documenting costs of $402 (the filing fee), and documenting 9.2 hours worked on this case, comprising 1.9 hours at a rate of $450 per hour, 4.5 hours at $350 per hour, and 2.8 hours of paralegal work at $125 per hour. (*See* Fee Chart; 3d Ltr. at 3–4.) While this case is still at an early stage, Plaintiff's counsel expended time on at least the following: investigating Plaintiff's claims; drafting the operative pleading; preparing damages computations; and negotiating and executing the settlement. Whether I evaluate the fees and costs requested—$684.85—as a percentage of the settlement fund or compared to the lodestar—

---

[2] At least one court in this District has rejected a FLSA settlement when, as here, the parties allocate attorneys' fees only in their application for settlement approval rather than in the settlement agreement itself. *Tung v. Jade Spoon Asian Cuisine Inc.*, No. 21-CV-10651, 2022 WL 1315612, at *2 (S.D.N.Y. May 3, 2022). In *Tung*, the Court rejected such an arrangement because, given *Cheeks*' concern with potentially abusive settlements, "the Proposed Settlement Agreement's silence as to the allocation of the settlement proceeds provides insufficient protection to Plaintiff." *Id.* I decline to apply this rationale here; considering the many years of experience of Plaintiff's counsel and the relatively small fee award at issue in this case, I do not find the fee arrangement in this case to present the likelihood of abuse. I will, however, require Plaintiff's counsel to submit a receipt of its transfer to Plaintiff of the balance of the settlement fund within 90 days of the date of this Opinion & Order.

$3,182.00—they are within the range of fee awards that courts in this District routinely approve. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105, 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018) ("courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." (internal quotation marks omitted)); *Wong v. Hunda Glass Corp.*, No. 09-CV-4402, 2010 WL 3452417, at *3 (S.D.N.Y. Sept. 1, 2010) (awarding $350/hour to attorneys with twelve years' experience); *Ochoa v. Prince Deli Grocery Corp.*, No. 18-CV-9417, 2021 WL 5235222, at *2 (S.D.N.Y. Nov. 8, 2021) (calling $450/hour the "prevailing maximum rate in the Southern District"). Based on this analysis, I find the attorneys' fees contemplated in the Agreement to be fair and reasonable.

### III. Conclusion

The Agreement of the parties is hereby APPROVED.

Before April 3, 2025, Plaintiff's counsel shall submit proof of payment to Plaintiff of the value of the settlement fund net the amount of attorneys' fees approved in this order, $684.85.

The Clerk of the Court is respectfully directed to close the case.

SO ORDERED.

Dated:   January 3, 2025
         New York, New York

_____
Vernon S. Broderick
United States District Judge